Arnoldo Roberto GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–93–615–CR to 13–93–617–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 24, 1995.

Larry Zinn, San Antonio, for appellant.

Luis V. Saenz, District and County Attorney, John A. Olson, Assistant District and County Attorney, Brownsville, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

A jury convicted appellant, Arnoldo Roberto Garcia, of indecency with a child pursuant to TEX.PENAL CODE ANN. § 21.11 (Vernon 1989). The trial court assessed punishment at ten years in prison. Appellant challenges his conviction, raising six points of error and complaining the trial court erred by denying his motion to quash the indictments and by denying his motion to suppress evidence. We affirm the judgment of the trial court.

Appellant's step-daughter, M.N., alleged that, on two occasions, appellant fondled her genitals and her breasts. M.N. also alleged that, on a third occasion, appellant fondled her genitals and her breasts and caused her to touch his genitals. M.N. alleged these incidents occurred in 1987, 1989, and 1990 when she was nine, eleven, and twelve years old, respectively.

It was not until 1992, after M.N. moved out of appellant's house and moved in with her father and step-mother, that M.N. first confided to her step-mother about the incidents. Appellant was subsequently charged in three separate indictments with indecency with a child. The indictments collectively alleged the offenses occurred "on or about October 5, 1987," "on or about August 15, 1989," and "on or about May 15, 1990." [1] The jury convicted appellant on all three indictments.

■ By his sixth point of error, appellant complains the trial court erred by denying his motion to quash the indictments. In his motion to quash, appellant asked the trial court to order the State to replead a specific date for each alleged offense. Appellant ar-

gued that, because the indictments alleged "on or about" dates, the dates were not specific enough to give him adequate notice of the time periods for which he needed to defend. Appellant contends the trial court should have ordered the State to replead specific dates. We disagree.

■ When an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations. *Thomas v. State*, 753 S.W.2d 688, 693 (Tex.Crim.App.1988). The statutory period of limitations for the offense of indecency with a child is ten years. TEX.CODE CRIM.PROC.ANN. art. 12.01(2)(D) (Vernon Supp.1995). When an indictment alleges an "on or about" date for the commission of the offense of indecency with a child, the statutory period of limitations encompasses the ten year period prior to the presentment of the indictment. *See, e.g., Ex parte Hyett*, 610 S.W.2d 787, 789 (Tex.Crim.App.1981) (explaining that when an indictment alleges an "on or about" date, conviction may be had upon proof that the offense was committed any time anterior to the presentment of the indictment within the statutory period of limitations).

Appellant's indictments were presented April 28, 1993; thus, the period of limitations for his offenses encompassed the ten year period prior to April 28, 1993. The alleged "on or about" dates—October 5, 1987, August 15, 1989, and May 15, 1990—sufficiently put appellant on notice to prepare for proof that the offenses happened at any time between April 27, 1983 and April 27, 1993. *Thomas*, 753 S.W.2d at 693. We hold that the "on or about" dates as alleged in the indictments were sufficient to give appellant notice of the time period for which he needed to defend. Accordingly, we overrule point six.

In points of error one, two, three, and four, appellant alleges the trial court erred by denying his motion to suppress M.N.'s out-

---

1. Appellant was charged with: (1) one count of indecency with a child "on or about May 15, 1990" in Cause No. 13–93–615–CR; (2) three counts of indecency with a child "on or about

October 5, 1987" in Cause No. 13–93–616–CR; and (3) one count of indecency with a child "on or about August 15, 1989" in Cause No. 13–93–617–CR.

cry-hearsay statements, which describe the 1987, 1989, and 1990 offenses. During trial, the State offered M.N.'s hearsay statements through the testimony of M.N.'s step-mother, Rachel Noyola, pursuant to the statutory hearsay exception, TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1995). The trial court admitted the hearsay statements in evidence, and appellant now contends the statements were inadmissible.

Article 38.072 of the Texas Code of Criminal Procedure creates an exception to the hearsay rule and provides for the admissibility of an outcry-hearsay statement made by a child, twelve years of age or younger, against whom a sexual offense was allegedly committed. TEX.CODE CRIM.PROC.ANN. art. 38.072, §§ 1(1), 2(a)(1) (Vernon Supp.1995). Only the first person eighteen years of age or older, to whom the child made the statement describing the offense, is permitted to give the outcry-hearsay testimony. *Id.* § 2(a)(2). Admissibility of the child's hearsay statement is contingent on several factors, all of which must be satisfied. *See Long v. State*, 800 S.W.2d 545, 547 (Tex.Crim.App.1990). First, at least fourteen days before trial, the State must provide the defendant with: (i) written notice of its intent to offer the hearsay statement, (ii) the name of the witness through whom it intends to offer the statement, and (iii) a written summary of the hearsay statement. TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(b)(1)(A), (B), and (C) (Vernon Supp. 1995). Next, the trial court must hold a hearing outside the presence of the jury to determine whether the witness's statement is reliable based on the time, content, and circumstances of the statement. *Id.* § 2(b)(2). Finally, the child must testify, or at least be available to testify, at trial. *Id.* § 2(b)(3).

■ By point of error three, appellant complains that M.N.'s hearsay statement describing the 1990 offense was inadmissible because M.N. may have been over twelve years of age at the time of that offense. Appellant contends that, because the "on or about" date alleged in the indictment is not specific, it is possible M.N. may have been thirteen years of age at the time of the offense. If she was thirteen years old, her hearsay statement was inadmissible under article 38.072. The record reflects appellant did not raise this argument in his motion to suppress, nor did he raise an objection at trial either before or during Rachel Noyola's recantation of M.N.'s hearsay statement. In fact, appellant is now raising this argument for the first time on appeal; as such, appellant failed to preserve error. TEX.R.APP.P. 52(a). Accordingly, we overrule point three.

■ By point of error four, appellant complains that M.N.'s hearsay statement describing the 1990 offense was inadmissible because the State failed to comply with the mandatory notice requirement as set forth in article 38.072, § 2(b)(1)(A). Appellant claims the State gave no notice whatsoever of its intent to offer M.N.'s hearsay statement describing the 1990 offense. Again, the record reflects appellant did not raise this argument in his motion to suppress, nor did he make an objection at trial either before or during Rachel Noyola's recantation of M.N.'s hearsay statements. Because appellant is now raising this argument for the first time on appeal, he failed to preserve error. TEX. R.APP.P. 52(a). We overrule point four.

■ By points of error one and two, appellant complains that M.N.'s hearsay statements describing the 1987 and 1989 offenses were inadmissible because the State failed to provide appellant with *sufficient* written summaries of the statements. The State provided appellant with the following Notice and Written Summary for each of the two causes involving the 1987 and 1989 charges:

*NOTICE TO DEFENDANT PURSUANT TO ART. 38.072 OF THE CODE OF CRIMINAL PROCEDURE*

Pursuant to Art. 38.072 of the Code of Criminal Procedure, the State of Texas hereby gives Notice to the defendant, Arnoldo Roberto Garcia, of its intent to offer the statements made by the victim, [M.N.] a child 12 years of age or younger, describing the offense(s) alleged in this Indictment. Said statements will be offered through Rachel Noyola.

In accordance with art. 38.072, a written summary of the child's statement, marked Exhibit A, is attached hereto.

*WRITTEN SUMMARY PURSUANT TO ART. 38.072 OF THE CODE OF CRIMINAL PROCEDURE*

[M.N.] told Rachel H. Noyola that the defendant, Arnoldo Roberto Garcia, would touch her vagina and breast with his hand. She went on to describe the circumstances.

Appellant contends this two-sentence written summary is insufficient to apprise him of which hearsay statements would be introduced at trial.

■ Both article 38.072 and Texas case law fail to give any guidance as to the minimum standards for a sufficient written summary. We know the purpose of the notice requirement in article 38.072 is to prevent the defendant from being surprised by the introduction of the outcry-hearsay testimony. *Gottlich v. State*, 822 S.W.2d 734, 737 (Tex. App.—Fort Worth 1992, pet. ref'd); *Fetterolf v. State*, 782 S.W.2d 927, 931 (Tex.App.— Houston [14th Dist.] 1989, pet. ref'd); *Brown v. State*, 756 S.W.2d 793, 797 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). Thus, to achieve this purpose, the written summary must give the defendant adequate notice of the content and scope of the outcry testimony. *Gottlich*, 822 S.W.2d at 737; *see Norris v. State*, 788 S.W.2d 65, 68 (Tex.App.—Dallas 1990, pet. ref'd). Here, appellant received notice that the content and scope of Rachel Noyola's testimony would entail M.N.'s description of appellant's touching of her vagina and breasts in October 1987 and August 1989.

Rachel Noyola's testimony at trial was detailed and included when and where the 1987 and 1989 incidents occurred, who was present, and what was done. Appellant contends Rachel's testimony exceeded that which was alluded to in the written summaries. Appellant, however, failed to show that he was surprised by Rachel's hearsay testimony. We note that, before Rachel testified, appellant waived the article 38.072 mandated hearing to determine whether Rachel's hearsay testimony was admissible. We also note that, prior to trial, appellant's attorney reviewed M.N.'s four-page affidavit where M.N. described the 1987 and 1989 incidents in detail. We further note that M.N. gave live testimony at trial describing the incidents.

The record is devoid of any evidence or indication that appellant was surprised by Rachel's hearsay testimony; as such, appellant's case was not prejudiced by the admission of her testimony. *Fetterolf*, 782 S.W.2d at 930 (explaining that, where appellant failed to show surprise by the hearsay testimony, appellant's case was not prejudiced by admission of the hearsay testimony, even though the State failed to comply with the notice requirement under 38.072); *Brown*, 756 S.W.2d at 797. We hold that appellant suffered no harm resulting from, what he deemed to be, insufficient written summaries. We overrule points one and two.

■ By point of error five, appellant complains the trial court erred by allowing a psychiatrist to testify about the use of polygraph tests in his line of work. Appellant's expert witness, Dr. Walter Quijano, testified about a report that he had prepared after he performed a psychiatric evaluation on appellant. In his report, Dr. Quijano made several recommendations for further tests to determine whether appellant was a pedophile.

On cross-examination, the State questioned Dr. Quijano about his recommendations; specifically, the State questioned Dr. Quijano about his recommendation to give appellant a polygraph test. Appellant objected to this line of questioning, and the court overruled his objection. Dr. Quijano explained that a polygraph test is useful as both a diagnostic tool and a treatment tool for pedophiles. We note that the State did not ask, nor did Dr. Quijano testify, as to whether appellant took the test, whether appellant refused to take the test, or what the results were.

Appellant contends Dr. Quijano's testimony about the use of polygraph tests was reversible error and cites *Tennard v. State*, 802 S.W.2d 678, 683 (Tex.Crim.App.1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991), to support his contention. We find that appellant's reliance on *Tennard* is misplaced. *Tennard* stands for the proposition that when a polygraph test is actually administered, the existence of the polygraph test and results thereof are inadmissible for all purposes. *Tennard*, 802

S.W.2d at 683. Here, there was no testimony that appellant actually took a polygraph test, nor was it inferred that he refused to take one. Further, no results of the test were revealed to the jury. We hold that the trial court did not err by allowing Dr. Quijano to testify about the use of polygraph tests in his line of work. We overrule point five.

Accordingly, we AFFIRM the judgment of the trial court.