NUMBER 13-00-297-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________________________________

TOMMY DEAN PROFFITT, JR. , Appellant,

v.


THE STATE OF TEXAS , Appellee.

____________________________________________________________________________________________


On appeal from the 156th District Court

of Bee County, Texas.

____________________________________________________________________________________________



O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


Appellant, Tommy Dean Proffitt, Jr., was convicted of indecency with a child. (1) In a non-jury trial, the court found Proffitt
guilty and set his punishment at twelve years confinement. The evidence shows that on the morning following the incident,
the eleven-year-old child made a spontaneous outcry about the event to his mother and Rita Elaine Reyna, a friend. By two
points of error, Proffitt complains ofineffective assistance of counsel. Specifically, Proffitt claims his counsel (1) failed to
object to the testimony of Reyna as hearsay when she testified as an outcry statement witness, and (2) failed to subpoena an
eyewitness to testify on Proffitt's behalf. We affirm.

To establish ineffective assistance of counsel, appellant must demonstrate from the record that (1) counsel's assistance was
outside the range of competence demanded of attorneys in criminal cases, and (2) that counsel's errors were so serious as to
deprive appellant of a fair trial and render the result of the trial unreliable. See Strickland v. Washington, 466 U.S. 668, 687
(1984)); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The determination regarding whether a defendant
received effective assistance of counsel must be made according to the facts of each case. See Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999). An appellate court looks to the totality of the representation and the particular
circumstances of the case in evaluating the effectiveness of counsel, without the benefit of hindsight. See id.; Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. See Thompson,
9 S.W.3d at 813. The appellate court's review of counsel's performance must be highly deferential. See Strickland, 466
U.S. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional
assistance and constituted sound trial strategy. See id. To defeat the presumption of reasonable professional assistance,
"any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). While defendants have the
right to effective counsel, there is no constitutional right to error free counsel. See Hernandez v. State, 726 S.W.2d 53, 58
(Tex. Crim. App. 1986).

By his first point of error, Proffitt contends his trial counsel's failure to object to Reyna's alleged hearsay testimony
regarding the victim's outcry statement constituted ineffective assistance of counsel. Proffitt argues that the testimony was
objectionable because the State failed to comply with section 38.072 of the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2001). The State concedes it failed to notify Proffitt that it would offer
Reyna's testimony regarding an outcry by the victim into evidence. It is also apparent from the record that no hearing was
held regarding the outcry statement. Furthermore, the State noticed the victim's mother as its outcry witness, yet called
Reyna at trial to testify regarding the victim's outcry statement. The State contends, however, that it was not error because
Proffitt cannot claim surprise by Reyna's testimony. Proffitt had access to Reyna's written statement through the State's
open-file policy, and the State identified Reyna as a trial witness. Nonetheless, Proffitt asserts there was harmful error. In
response, the State contends the error, if any, was harmless because the testimony of the victim and the two eye-witnesses
supported the trial court's finding of guilt. See Poole v. State, 974 S.W.2d 892, 899 (Tex. App.--Austin 1998, pet. ref'd)
(admission of inadmissible evidence is harmless error if other evidence that proves same fact that inadmissible evidence
sought to prove is admitted without objection at trial).

The outcry testimony of a child victim is admissible as an exception to the hearsay rule if the requirements of article 38.072
of the Texas Code of Criminal Procedure are met. See id. To prevent surprise, this article requires the State to notify the
other party of its intent to introduce outcry testimony at trial. See Garcia v. State, 907 S.W.2d 635, 638 (Tex.
App.--Corpus Christi 1995, aff'd, 981 S.W.2d 683 (Tex. Crim. App. 1998). To achieve this purpose, the State must provide
the defendant with a written summary adequately reflecting the content and scope of the outcry testimony. See id. A
hearing outside the presence of the jury is mandatory to determine the admissibility of the testimony. See Tex. Code Crim.
Proc. Ann. art. 38.072; Beckley v. State, 827 S.W.2d 74, 78 (Tex. App.--Fort Worth 1992, no pet.). Because Proffitt is
complaining that he received ineffective assistance of counsel, we review the record to determine whether he has shown
there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. See
Strickland, 466 U.S. at 694; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). A reasonable probability is a
probability sufficient to undermine confidence in the outcome. See Strickland, 466 U.S. at 694.

In this case, the victim personally testified at trial that Proffitt was sitting on the couch when he pulled the victim between
his legs. The child testified that Proffitt started feeling his stomach and chest, and then went into his pants and touched his
genital area. The victim's sister testified that she saw Proffitt "rubbing all over [the victim's] chest and on top of his pants
and into his pants." Moreover, Reyna, in addition to testifying regarding the victim's outcry statement, testified that when
she stepped into the room Proffitt "was sitting on the floor with [the victim] in front of him on the floor. He had his arms
around the lower waist area, his hands resting upon the crotch of [the victim]" who was trying to get up, but could not
because Proffitt was holding him. Proffitt had the opportunity to cross-examine all witnesses. 

There is no indication in the record that either Proffitt or his trial counsel was surprised by Reyna's outcry testimony. The
State disclosed Reyna as a trial witness. It asserts her statement was in its open file. Furthermore, the victim, the victim's
sister, and Rita Reyna, who gave testimony other than that related to the outcry statement, testified without objection about
the incident. Therefore, any error in admitting Reyna's outcry testimony would have been cured by the admission of
substantially the same testimony by the victim and the eyewitnesses. See Poole, 974 S.W.2d at 899. Under these
circumstances, we conclude counsel's error, if any, was not so serious as to deprive Proffitt of a fair trial and render the
result of the trial unreliable. See Strickland, 466 U.S. at 687. Point of error one is overruled.

By his second point of error, Proffitt contends that counsel was ineffective because he did not subpoena Isiahs Guerrero, Jr.,
a prospective eyewitness, to testify in his defense.

Trial counsel is not necessarily ineffective for failure to call every witness requested by a defendant. Lopez v. State, 838
S.W.2d 758, 759-60 (Tex. App.-Corpus Christi 1992, no pet.). Indeed, counsel's failure to call a witness at the
guilt/innocence stage of a trial is irrelevant absent a showing that the witness was available and that the appellant would
have benefitted from his testimony. See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Tutt v. State, 940
S.W.2d 114, 121 (Tex. App.--Tyler 1996, pet. ref'd).

Proffitt contends that if Guerrero had testified as to what he had seen on the night in question, the results of the
proceedings would have been different. It is not clear exactly what relevant facts Proffitt believes could have been elicited
from Guerrero. The record contains no indication regarding the content of Guerrero's proposed testimony. Detective Jessie
Dominguez who investigated the complaint, testified that Proffitt described himself as gay. Proffitt told Detective
Dominguez he had a close relationship with his acquaintance who was with him that night. Proffitt explained he would
rather not give the name of his friend until he had spoken to him about the matter. It is apparent from the record that the
friend to whom Proffitt referred was Guerrero. Furthermore, Detective Dominguez testified that when he took Guerrero's
statement, Guerrero indicated he did not witness Proffitt's actions.

We cannot conclude from this record that the witness's testimony would had benefitted appellant, nor can we conclude that
trial counsel's decision not to call Guerrero as a witness was not part of a sound trial strategy. In the absence of proof that
relevant evidence in his favor was available and the essence of that proposed testimony, no error has been shown. See
Holland v. State, 761 S.W.2d 307, 319 (Tex. Crim. App. 1988); Ryan v. State, 937 S.W.2d 93, 103 (Tex. App.--Beaumont
1996, pet. ref'd); Harling v. State, 899 S.W.2d 9, 13 (Tex. App.--San Antonio 1995, pet. ref'd). Even if error did exist,
however, the record is insufficient to permit this Court to conclude that there is a reasonable probability that but for the
error the outcome would have been different. Point of error two is overruled.

Accordingly, the judgment of the trial court is AFFIRMED.

Finally, by a pro se letter motion, Proffitt now requests that we remand this appeal to the trial court for the purposes of
conducting a hearing to determine the extent of a conflict Proffitt alleges exists between himself and his appointed
appellate counsel. Proffitt does not set out the perceived conflict, but requests the appointment of new counsel, should a
conflict be found. Proffitt's appellate counsel was not his trial counsel. His appellate brief has been filed. The State filed
its brief in response. 

We have considered the briefs and have reviewed the record in this case. Because we have now affirmed the judgment of
the trial court, this motion is moot. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 14th day of June, 2001.

1. See Tex. Pen. Code Ann. § 21.11 (Vernon Supp. 2001).