Affirmed and Memorandum Opinion filed January 29, 2008








Affirmed and Memorandum Opinion filed January 29, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

 NO.  14-06-00994-CR


NO.  14-06-00995-CR

____________

 

RICHARD FITZGERALD BARROSO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause Nos. 42,922
and 42,923

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Richard Fitzgerald Barroso, appeals his convictions after a jury trial for
aggravated sexual assault of a child (No. 14-06-00994-CR) and indecency with a
child (No. 14-06-00995-CR). The jury sentenced appellant to thirty-five years
confinement for aggravated sexual assault of a child and fifteen years for
indecency with a child.   We affirm. 

BACKGROUND

Appellant
lived with his common law wife, Joyce Hales, and her minor daughters from 1997
until 2005.  According to one of his step-daughters, K.H., appellant started
sexually abusing her when she was eleven years old.  At trial, K.H. testified
that appellant first made her masturbate him when she was eleven years old. 
Specifically, appellant called K.H. into his bedroom where he was laying on his
bed covered with a sheet.  Appellant pulled the sheet away, exposing his penis,
and made K.H. masturbate him.  K.H. testified that appellant made her do the
same sexual act on him several times thereafter until she was fourteen years
old.  

K.H.
testified that another incident occurred when she was twelve years old.  She
walked into her sister=s toyroom and found appellant sitting naked in a rocking
chair staring into a mirror.  Appellant laid K.H. on the floor, put his hand
down her shorts, and moved his finger around the inner lips of her vagina. Appellant performed this sexual act
on K.H. numerous times thereafter as well.

Another incident occurred when K.H. was fourteen years
old.  According to K.H., appellant called her into his bedroom where he was
laying naked on his bed.  Appellant told K.H. to get in the bed with him and
made K.H. put her mouth on his penis.         

When
K.H. was a freshman in high school, she told a friend that she had been
sexually abused by appellant; she also told her high school boyfriend the
following year.  K.H.=s boyfriend contacted Child Protective Services, and K.H. was
eventually taken into protective custody. Interviewed by Detective Rebecca
Colunga of the Fort Bend County Sheriff=s Department, K.H. gave a general
statement regarding the sexual abuse she endured by appellant.








Appellant
was arrested, and the State charged him in three separate indictments with (1)
sexual assault of a child by causing his sexual organ to penetrate the mouth of
K.H., (2) aggravated sexual assault of a child by causing appellant=s finger to penetrate K.H.=s sexual organ, and (3) indecency
with a child by causing contact between K.H.=s hand and appellant=s genitals. 

At
trial, K.H. testified to several sexual encounters with appellant, including
the three detailed above when she was eleven, twelve, and fourteen years old. 
Joyce Hales testified that she received jail letters from appellant while he
was awaiting trial, asking for forgiveness.  Detective Colunga testified that
she interviewed K.H., wherein she gave a general description of various sexual
encounters with appellant.  Appellant did not testify at the guilt/innocence
stage of trial.  The jury found appellant guilty of aggravated sexual assault
of a child and indecency with a child, but not guilty of sexual assault. 

At
punishment, K.H.=s sister testified that when she was thirteen years old,
appellant sexually abused her by rubbing his hands on her vagina on several
separate occasions.  Appellant also testified at punishment; he accepted
responsibility for Avictimizing [his] family@ and admitted that he had various
sexual encounters with K.H.  The jury sentenced appellant to thirty-five years
for aggravated sexual assault of a child and fifteen years for indecency with a
child.  The trial court ordered the sentences run concurrently.  On appeal,
appellant raises five points of error: (1) the evidence is legally insufficient
to uphold appellant=s convictions for aggravated sexual assault of a child and
indecency with a child; (2) the evidence is factually insufficient to uphold
appellant=s convictions for aggravated sexual assault of a child and indecency with
a child; (3) the trial court erred in admitting K.H.=s outcry statement because it is
hearsay; (4) the trial court erred in failing to conduct a reliability hearing
outside the presence of the jury to determine the admissibility of K.H.=s outcry statement; and (5) the trial
court erred in admitting K.H.=s outcry statement because the State failed to give proper
notice to appellant.

SUFFICIENCY
OF THE EVIDENCE








 In appellant=s first two points
of error, he argues that the evidence is legally and factually insufficient to
uphold is convictions for aggravated sexual assault of a child and indecency
with a child.  In a legal sufficiency review, we view all the evidence in the
light most favorable to the verdict and determine whether a trier of fact could
not have found each element of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000).  The jury is the exclusive judge of the
credibility of witnesses and of the weight to be given to their testimony.  Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  Reconciliation of
conflicts in the evidence is within the exclusive province of the jury.  Id. 
Thus, when performing a legal sufficiency review, we may not reevaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999).  We must resolve any inconsistencies in the testimony in favor of the
verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When reviewing the factual sufficiency of the evidence to
support a conviction, we review all the evidence in a neutral light, favoring
neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We
then ask (1) whether the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or (2) whether, considering conflicting
evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414‑15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).   An appellate
court judge cannot conclude that a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, he would have voted to acquit had he been
on the jury.  Watson, 204 S.W.3d at 417.  Nor can an appellate court
declare that a conflict in the evidence justifies a new trial simply because it
disagrees with the jury=s resolution of that conflict.  Id. 
Additionally, we give due deference to the jury=s determinations,
particularly those concerning the weight of the evidence and the credibility of
witness testimony.  See Johnson, 23 S.W.3d at 8-9.  








The
Charged Offenses

Appellant
was charged and convicted of aggravated sexual assault of a child by causing
his finger to penetrate K.H.=s sexual organ.  A person commits the offense of aggravated
sexual assault of a child if he intentionally or knowingly causes the
penetration of the sexual organ of a child by any means and the victim is
younger than fourteen years of age.  Tex. Penal Code Ann. ' 22.021 (Vernon 2003). 

Appellant
was also convicted of indecency with a child by causing contact between his
genitals and K.H.=s hand.  A person commits indecency with a child if he has
sexual contact with a child younger than 17 years of age, who is not the person=s spouse.  Id. at ' 21.11(a)(1).  Sexual contact is any
touching of any part of the body of a child with the anus, breast, or any part
of the genitals of a person, if the act is committed with the intent to arouse
or to gratify the sexual desire of any person.  Id. at 21.11(c)(2). 

Age of the Victim

Appellant
argues
in his first two points of error that the evidence is legally and factually
insufficient to uphold each of his convictions because K.H. was unable to
testify as to her exact age at the time of the offenses.  In support of this
argument, appellant relies on K.H.=s testimony,
wherein she stated that she could not remember being thirteen or fourteen or a
particular time when some of the incidents occurred.  








To prove the offense of aggravated sexual assault of a
child, the State had to provide evidence that the offense took place before
K.H.=s fourteenth
birthday, and evidence that the indecency with a child offense occurred before
her seventeenth birthday.  On direct examination, K.H. testified that she was
eleven years old when appellant first made sexual contact with her, making her
masturbate him, and twelve years when appellant moved his finger around the
inner lips of her vagina.  K.H. also testified that she could not remember the
particular time when appellant moved his finger beyond the internal lips of her
vagina, into the vaginal canal.  Regardless of K.H.=s inability to
recall the exact date of each sexual act, she consistently testified at trial
that she was eleven years old when appellant first made her masturbate him, and that he made her continue
to do so until she was fourteen years old.  K.H. consistently testified that
she was twelve years old when appellant moved his finger around the inner lips
of her vagina during the toyroom incident.   A
rational juror could find beyond a reasonable doubt that K.H. was under the age
of fourteen at the time of the aggravated sexual assault and under the age of
seventeen when appellant committed the offense of indecency with a child. 
Furthermore, we cannot say that the jury=s findings were so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  

Penetration

Appellant
also argues in his first point of error that the evidence is legally insufficient
to support his conviction of aggravated sexual assault of a child because there
is no evidence that he penetrated K.H.=s sexual organ.  Appellant relies
on Vernon v. State, 841 S.W.2d 407 (Tex. Crim. App. 1992), which held
that while mere contact with the outside of an object does not amount to
penetration of it, pushing aside and reaching beneath a natural fold of skin
into an area of the body not usually exposed to view, even in nakedness, is a significant
intrusion beyond mere external contact.  Id. at 409.  Appellant argues
that, at most, he touched the external area of K.H.=s vagina, and did
not penetrate it. However, proof of penetration of the vaginal canal is not
required to establish penetration under the foregoing allegations and within
the meaning of section 22.021 of the Penal Code.  See id.; Karnes v. State, 873 S.W.2d 92, 96 (Tex. App.CDallas 1994, no writ).   AVagina@ and Afemale sexual
organ@ are not
synonymous terms.  Everage v. State, 848 S.W.2d 357, 358 (Tex. App.CAustin 1993, no
writ).  AFemale sexual
organ@ is a more general
term than Avagina@ and refers to the entire female
genitalia.  See Aylor v. State, 727 S.W.2d 727, 729-30 (Tex. App.CAustin 1987, writ
ref=d) (stating that
the Legislature made the statutory amendment and used the term Afemale sexual
organ@ because of the
restrictive meaning given to the term Avagina@ by court
decisions). 








On direct examination, K.H. testified that appellant put his hands down her shorts and
into her underwear when she was twelve years old during the toyroom incident. 
When appellant began to move his finger around the inner lips of her
vagina, K.H. began to Asquirm.@  Testimony of the sexual assault victim alone is sufficient
evidence of penetration to support a conviction.  Karnes, 873 S.W.2d at
96.  Appellant also confessed to Detective Colunga, in the videotape confession
played to the jury, that he touched K.H.=s Abare vagina.@  Further, appellant=s letters pleading for forgiveness
can be interpreted as evidence of his guilt.  In light of this evidence, a
reasonable fact-finder could have concluded beyond a reasonable doubt that
appellant=s finger penetrated K.H.=s sexual organ. 

Intent
to Arouse or Gratify

Appellant
also argues that the evidence is legally insufficient to uphold his conviction
of indecency with a child because there is no evidence that he had the intent
to sexually arouse or gratify himself.  Intent to arouse or to gratify the
sexual desire of any person can be inferred from the defendant=s conduct, his remarks, and all
surrounding circumstances.  McKenzie v. State, 617 S.W.2d 211, 216 (Tex.
Crim. App. 1981); Perales v. State, 226 S.W.3d 531, 535 (Tex. App.CHouston [1st Dist.] 2006, pet.
filed).  

The jury
could have inferred the requisite intent from appellant=s statements to police and the
surrounding circumstances.  Appellant admitted to Detective Colunga that he had
K.H. masturbate him, which made him ejaculate.  K.H. testified that appellant
had her masturbate him until his penis became hard and a white substance
eventually came out.  Appellant also told K.H. not to tell anyone about the
sexual encounters because he would go to jail.  A reasonable fact-finder could
have concluded beyond a reasonable doubt that appellant intended to arouse or
gratify himself during these sexual encounters. 








After
reviewing all of the evidence under the appropriate standards of review, we
hold that the evidence is legally and factually sufficient to support appellant=s convictions for aggravated sexual assault
of a child and indecency with a child.  We overrule appellant=s first and second points of error.  

ADMISSION
OF OUTCRY STATEMENT

In
appellant=s third, fourth, and fifth points of error, he argues that the trial
court erred by admitting K.H.=s outcry statement because: (1) it is hearsay; (2) the trial
court failed to conduct a reliability hearing outside the presence of the jury
to determine its admissibility; and (3) appellant was given improper notice of
the statement.

Outcry
Exception to Hearsay Rule

Appellant
complains in his third point of error that K.H.=s boyfriend, who was not the outcry
witness, was permitted to testify to an out-of-court statement made by K.H. 
Appellant objected to the complained of testimony, and the trial court
sustained the objection.  Appellant, however, did not seek further relief.  To
preserve error for appellate review, a party must make a timely specific
objection and obtain an adverse ruling from the trial court.  See Tex.
R. App. P. 33.1 (a)(2); Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim.
App. 2003).  Once appellant=s hearsay objection was sustained, counsel should have pursed
the objection to an adverse ruling to properly preserve possible error for
review.  Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). 
Because appellant did not obtain an adverse ruling, no error is presented.  See
Dooley v. State, 65 S.W.3d 840, 842 (Tex. App.CDallas 2002, pet. ref=d).  We overrule appellant=s third point of error.

Reliability
Hearing 

In
appellant=s fourth point of error, he argues that the trial court erred in
admitting outcry testimony without first holding a preliminary hearing to
determine the reliability of the testimony pursuant to article 38.072.  See Tex.
Code Crim. Proc. Ann. art. 38.072 ' 2(b)(2) (Vernon 2005).  Article
38.072, section 2(b)(2) provides as follows:

(b) A statement that meets the requirements of Subsection (a) of this
article is not inadmissible because of the hearsay rule if:








. . . . 

(2) the trial court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content, and
circumstances of the statement.

 

Id.

The
provisions of article 38.072 are mandatory and must be complied with in order
for the outcry statement to be admissible over a hearsay objection.  Long v.
State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990).  Here, however, appellant=s hearsay objection was sustained.  See
Smith v. State, 131 S.W.3d 928, 932 (Tex. App.CEastland 2004, pet. ref=d) (stating that the trial court only
commits error if it overrules the hearsay objection without conducting a
hearing).  Because the hearsay objection was sustained, there was no basis for
the trial court to conduct a hearing regarding the admissibility of the
complained of testimony.  Furthermore, counsel failed to seek further relief
after the court=s ruling and did not get an adverse ruling on his objection. 
See Tex. R. App. P. 33.1.[1]  Accordingly,
no error is presented.  We overrule appellant=s fourth point of error. 

Notice








In
appellant=s fifth point of error, he complains that the trial court improperly
admitted the outcry statement because he was not given proper notice.  The
State maintains that appellant has failed to preserve error regarding this
contention.  We agree.  Appellant did not object to the introduction of the
outcry statement on the ground he had not received the requisite notice. 
Failure to do so results in a waiver of error on appeal.[2] 
Id.  We overrule appellant=s fifth point of error.

We affirm the trial court=s judgment.

 

 

 

/s/        Adele
Hedges

Chief
Justice

 

 

 

Judgment rendered and
Memorandum Opinion filed January 29, 2008.

Panel consists of Chief
Justice Hedges and Justices Anderson and Boyce.  

Do Not
Publish C Tex. R. App. P. 47.2(b).

 









[1]  Appellant also did not specifically request a
reliability hearing.  See Smith, 131 S.W.3d at 932 (holding that
the requirement to conduct a reliability hearing was not invoked because
appellant failed to request a hearing); Cates v. State, 72 S.W.3d 681,
699 (Tex. App.CTyler 2001, pet. ref=d) (failure to request an article 38.072 hearing waives error on
appeal); see also Diaz v. State, 125 S.W.3d 739, 743 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d) (holding that appellant failed to preserve error
because he did not object to the trial court=s
denial of that hearing).





[2]  There is a split among some courts of appeals as to
whether a general hearsay objection to outcry testimony is sufficient to
preserve error with regard to the absence of the notice requirement. Compare
Garcia v. State, 907 S.W.2d 635, 637 (Tex. App.CCorpus Christi 1995) (finding waiver), aff=d, 981
S.W.2d 683 (Tex. Crim. App. 1998), and Skidmore v. State, 838 S.W.2d
748, 753 (Tex. App.CTexarkana 1992, writ ref=d) (finding waiver); with Gabriel v. State, 973 S.W.2d 715, 719
(Tex. App.CWaco 1998, no pet.) (finding error preserved by
general hearsay objection).  Nevertheless, the record in this case reveals that
the State sent adequate notice of the outcry statement in accordance with
article 38.072 to appellant on March 21, 2006, more than six months before the
trial.