**Opinion filed October 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00298-CR

_____

## DUANE ERIC WEST, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6709**

### M E M O R A N D U M   O P I N I O N

Duane Eric West appeals his jury conviction for aggravated sexual assault of a child younger than fourteen years of age. The jury assessed his punishment at confinement for a term of fifty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction and sentence in three appellate issues. We affirm.

*Background Facts*

Appellant was a deputy sheriff in Kent County. Texas Ranger Philip Vandygriff testified that he received a report from the mother of T.M.H., a thirteen-year-old girl, in December 2012 that Appellant had engaged in inappropriate conduct with T.M.H. in the summer of 2012 while T.M.H. lived in Kent County with her father. Appellant subsequently provided a written statement to Ranger Vandygriff wherein he admitted to having frequent social contact with T.M.H., including permitting her to ride with him in his patrol vehicle. Appellant's written statement detailed an incident occurring at the cemetery in Clairemont:

> We were sitting on the tailgate of the truck and [T.M.H.] began kissing on me. I started returning the gesture. [T.M.H.] began removing items of her clothing. I didn't put a stop to anything. I allowed [T.M.H.] to remove my belt. I continued to kiss her. I kissed her all over her body. I started with her lip[s] and kissed her on her neck, her breasts and her vagina. I used my hands and rubbed her breasts and vagina. I believe I digitally penetrated [T.M.H.'s] vagina and then I had oral sex with her.[1]

Appellant was indicted in Kent County for the aggravated sexual assault of T.M.H. He filed a motion to change venue based upon the allegation that he could not obtain a fair and impartial trial in Kent County. *See* TEX. CODE CRIM. PROC. ANN. art. 31.03 (West 2006). The State agreed to the requested change of venue, and the trial court granted the motion by changing venue to Haskell County. In this regard, the 39th Judicial District is composed of Haskell, Kent, Stonewall, and Throckmorton Counties. *See* TEX. GOV'T CODE ANN. § 24.141 (West 2004). Appellant was subsequently tried and convicted in Haskell County. Article 31.08 of the Texas Code of Criminal Procedure contains a provision whereby the trial court

---

[1]Appellant's written statement detailed additional sexual conduct that occurred that same night at the cemetery. We are not including these additional details because they are not relevant to our analysis.

*may* return the cause to the original county on the completion of a trial in which a change of venue has been ordered. *See* CRIM. PROC. art. 31.08, § 1(a) (West Supp. 2014). The trial court did not return the underlying proceedings to Kent County. Accordingly, the appeal was filed with this court. *See* GOV'T § 22.201(*1*) (West Supp. 2014).[2]

*Analysis*

Appellant asserts in his first issue that the trial court erred in refusing to submit a charge on the lesser included offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1) (West 2011). We apply the *Aguilar/Rousseau*[3] test to determine whether an instruction on a lesser included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). This is a two-prong test. The first prong is to determine "if the proof necessary to establish [the elements of] the charged offense also includes the lesser offense." *Id.* If this threshold is met, the second prong has us decide whether there is some evidence "in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau*, 855 S.W.2d at 673. The purpose of the lesser included instruction is to avoid leaving jurors with two "equally distasteful" options: (1) acquit the defendant even though the jury believes he is guilty of the lesser included offense or (2) convict the defendant even though the jury does not believe he committed the charged offense. *Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1979). To avoid such a situation, lesser included instructions are liberally permitted. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

---

[2]An appeal from Kent County would be filed in the Amarillo Court of Appeals. *See* GOV'T § 22.201(h).

[3]*See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

The first step asks whether the lesser included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser included offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *see also* CRIM. PROC. art. 37.09 (West 2006). The first step is a question of law, and it does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall*, 225 S.W.3d at 535. Article 37.09(1) of the Code of Criminal Procedure provides that an offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." CRIM. PROC. art. 37.09(1). The State acknowledges that indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans v. State*, 299 S.W.3d 138, 142–43 (Tex. Crim. App. 2009). Accordingly, we focus our attention on the second prong of the *Aguilar/Rousseau* test.

The second step requires us to determine whether there is some evidence that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536; *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). This second step is a question of fact and is based on the evidence presented at trial. *Cavazos*, 382 S.W.3d at 383. A defendant is entitled to an instruction on a lesser included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether the evidence is weak, impeached, or contradicted. *Id.* (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).

4

Prior to reviewing the evidence presented at trial under the second prong of the *Aguilar/Rousseau* test, we note Appellant's contention that the test should not be applied whenever a defendant requests a charge on a lesser included offense. The Texas Court of Criminal Appeals has held that the State is not bound by the second prong of the "*Royster–Rousseau*[4] test" when the State requests the submission of a lesser included offense. *Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009). Citing *Grey*, Appellant contends that his equal protection rights under the Fourteenth Amendment of the U.S. Constitution are violated if the State is relieved of the requirement to demonstrate compliance with the second prong of the *Aguilar/Rousseau* test whenever it requests the submission of a charge on a lesser included offense but a defendant is not relieved of the requirement. We disagree. As noted by the court in *Grey,* "[i]t is the State, not the defendant, that chooses what offense is to be charged." *Id.* at 650. Accordingly, there is no logical reason to impose the requirement of the second prong on the State's decision to seek the submission of a charge on a lesser included offense. *Id.* at 649–50. Therefore, there is a valid basis for imposing different requirements on the State and the criminal defendant. Furthermore, the Texas Court of Criminal Appeals has continued to require compliance with the second prong of the *Aguilar/Rousseau* test after *Grey* when defendants request the submission of a charge on a lesser included offense, as evidenced by its holding in *Cavazos*. *See Cavazos*, 382 S.W.3d at 385–86.

The indictment charged Appellant with the first-degree felony offense of aggravated sexual assault of a child. *See* PENAL § 22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West Supp. 2014). Specifically, the indictment alleged that Appellant intentionally and knowingly caused "contact of the female sexual organ of [T.M.H.], a child who

---

[4]The court in *Grey* referred to the test as the "*Royster–Rousseau* test." *See Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981) (en banc) (plurality opinion on reh'g). The court subsequently referred to the applicable test as the "*Aguilar/Rousseau* test" in *Cavazos*. *Cavazos*, 382 S.W.3d at 382.

5

was then and there younger than fourteen (14) years of age, by [Appellant's] mouth." Appellant requested the submission of a charge for the lesser included offense of indecency with a child, a second-degree felony, under Section 21.11(a)(1). Under this section of the Penal Code, a person commits an offense if he or she engages in sexual contact with a child younger than seventeen years of age. *Id.* § 21.11(a)(1). As applicable to the facts in this appeal, the statute defines sexual contact as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *See id.* § 21.11(c)(1).

The factual element that distinguishes the charged offense of aggravated sexual assault from the lesser included offense of indecency with a child is the allegation that Appellant caused contact of T.M.H.'s sexual organ with his mouth. As reflected above in his written statement, Appellant stated that he kissed T.M.H. on her vagina. T.M.H. testified as follows about what occurred at the cemetery:

Q. Okay. Now, when you got to the cemetery, what happened?

A. I got out of the truck and went and looked at the headstones of all the different people and we headed back to the truck. And I was on the passenger's side and he -- we started kissing and he -- he put his hands on me and stuff. And then we moved to the back of the -- on the tailgate and he kissed me some more. And at that time, my clothes had winded up coming off. And he kissed me down from my mouth, to my neck, to my breasts, and down to my vagina.
. . . .

Q. . . . You said he, ultimately, kissed you on your vagina?

A. Yes, sir.

Q. And I talked to you yesterday and we talked in a little more detail. And you understand what the term "oral sex" means, don't you?

A. Yes, sir.

6

Q. And I asked you if he did that. And what was your response -- what would be your response to that?

A. No.

Thus, the accounts offered into evidence from both Appellant and T.M.H. indicated that Appellant contacted T.M.H.'s female sexual organ with his mouth. In this regard, the term "female sexual organ" includes the vagina. *Everage v. State*, 848 S.W.2d 357, 358 (Tex. App.—Austin 1993, no pet.). Appellant argues on appeal that T.M.H.'s response that Appellant did not engage in "oral sex" with her raised the possibility that Appellant was only guilty of indecency with a child by sexual contact. We disagree that this evidence would permit a rational jury to find that, if Appellant was guilty, he was guilty only of the lesser included offense of indecency with a child. *See Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536. The "no" response by T.M.H. to the prosecutor's question about "oral sex" immediately followed her testimony confirming that Appellant kissed her on her vagina. The prosecutor's reference to his prior conversation with T.M.H. about "oral sex" indicated that he was obviously referring to conduct beyond oral contact by Appellant's mouth with T.M.H.'s vagina when he asked the subsequent question. We overrule Appellant's first issue.

In his second issue, Appellant asserts that his trial counsel provided ineffective assistance of counsel. Specifically, he alleges that trial counsel failed to object to a reference by Ranger Vandygriff to a polygraph examination, that trial counsel failed to object to various instances of hearsay, and that trial counsel failed to adequately assert Appellant's right to the submission of a charge on the lesser included offense that we addressed in the previous issue.

To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result of the proceeding would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14. The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not had an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note at the outset of our analysis that Appellant did not file a motion for new trial. Accordingly, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant initially asserts that trial counsel should have objected to Ranger Vandygriff's reference to a polygraph examination. When asked why his initial interview with Appellant terminated, Ranger Vandygriff stated, "I advised [Appellant] at the time that I didn't think he was giving us the complete truth and that at this point, I think it would be appropriate if we asked him for a polygraph interview, and he said he would give a polygraph interview." Ranger Vandygriff then explained that a polygraph examination of a law enforcement officer requires some additional steps that needed to be done and that, during the interim, Appellant decided to speak with an attorney. Appellant contends that he was harmed by this testimony because it constituted evidence that he refused to take a polygraph examination.

To show ineffective assistance of counsel for the failure to object during trial, Appellant must show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *see Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012) ("The failure to object to . . . admissible testimony . . . is not ineffective assistance."). "Numerous cases have held that where a witness gives a nonresponsive answer that mentions a polygraph test was offered or taken, but does not mention the results of such a test, there is no error in failing to grant a mistrial." *Martines v. State*, 371 S.W.3d 232, 251 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Kugler v. State*, 902 S.W.2d 594, 595 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). No evidence was offered of the results of any polygraph examination. Furthermore, there is no evidence that Appellant refused to take a polygraph examination. To the contrary, Ranger Vandygriff indicated that Appellant was initially willing to take a polygraph examination. *See Garcia v. State*, 907 S.W.2d 635, 639 (Tex. App.—Corpus Christi 1995), *aff'd*, 981 S.W.2d 683 (Tex. Crim. App. 1998). However, the polygraph examination was ultimately not performed because Appellant confessed to the crime

within a few hours in his subsequent interview with Ranger Vandygriff. Accordingly, trial counsel was not ineffective for failing to object to the nonresponsive mention of a polygraph examination.

The instances of hearsay that Appellant cites involve testimony by Ranger Vandygriff pertaining to the alleged offense that T.M.H.'s mother reported to him, testimony by Ranger Vandygriff that Kent County Sheriff William Scogin had reported that an allegation had been made against Appellant, and testimony by Ranger Vandygriff pertaining to reports made to him by T.M.H.'s stepmother and Appellant's wife. Appellant also contends that trial counsel should have objected to the admission of search warrant affidavits on hearsay and Confrontation Clause grounds. *See* U.S. CONST. amend VI.

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). The State may offer out-of-court statements into evidence without violating the hearsay rule to explain why the defendant became the subject of the investigation by law enforcement officials. *Id.* Extrajudicial statements of this type are not inadmissible hearsay because they are not admitted to prove the truth of the matter asserted. *Id.* We conclude that the trial court would not have erred in overruling hearsay objections to these matters cited by Appellant because they addressed the manner by which Appellant became a suspect.

Moreover, even if the trial court had erred in overruling Appellant's Confrontation Clause and hearsay objections, such errors would be subject to a harm analysis. *See* TEX. R. APP. P. 44.2; *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007) ("[A]ny Confrontation Clause violation, once proven, is subject to harmless error analysis."); *Clay v. State*, 240 S.W.3d 895, 905–06 (Tex. Crim. App. 2007)

10

(conducting harmless error analysis on hearsay). When a trial court erroneously admits hearsay, but the matter asserted by the out-of-court statement is otherwise established through other admitted evidence, no harm is done to the party challenging the hearsay. *See Clay*, 240 S.W.3d at 905–06 (holding that erroneously admitted hearsay "established little, if anything, negative about appellant that was not also well established by the properly admitted evidence" and was therefore harmless). The same rule applies with respect to evidence elicited in violation of the Confrontation Clause. *See Davis v. State*, 203 S.W.3d 845, 853–56 (Tex. Crim. App. 2006) (observing that testimony admitted in violation of the Confrontation Clause was cumulative of other admitted evidence and that any error was harmless beyond a reasonable doubt). The matters cited by Appellant were cumulative of the facts set out in Appellant's written statement and the live testimony offered at trial. Accordingly, the alleged deficiencies cited by Appellant do not satisfy the second prong of *Strickland* because they do not demonstrate a reasonable probability that the outcome of the case would have been different. *Strickland*, 466 U.S. at 694.

Finally, Appellant contends that trial counsel failed to present the correct argument in seeking the submission of a charge on the lesser included offense of indecency with a child that we addressed in the first issue. He contends that counsel should have cited the holding in *Evans* that indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans*, 299 S.W.3d at 142–43. We disagree. We have determined that Appellant was not entitled to the requested charge because the evidence did not raise the possibility that he was only guilty of the lesser included offense. Accordingly, the trial court's ruling was supported by the record irrespective of the argument made by trial counsel. We overrule Appellant's second issue.

In his third issue, Appellant asserts that the trial court erred in admitting a topless photograph of T.M.H. into evidence during the punishment phase of trial.

11

T.M.H. took the photograph of herself in a mirror with her cell phone. She sent the photograph to Appellant electronically. Taylor County Deputy Sheriff Craig Griffis, an expert in computer and cell phone forensics, recovered the photograph from Appellant's computer. Deputy Griffis testified that he found three copies of the photograph in a folder on Appellant's computer. Appellant objected on multiple grounds to the admission of the photograph into evidence during the punishment phase. On appeal, he argues that the trial court erred in admitting the photograph under Texas Rule of Evidence 403 because its probative value was outweighed by its prejudicial effect. We disagree.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). At the punishment phase, the State may introduce evidence of any matter the court deems relevant to sentencing, including any extraneous bad acts. CRIM. PROC. art. 37.07, § 3(a)(1).

> What is "relevant" to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case."

*Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) (footnote omitted) (quoting *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006)).

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. The State

contends that the photograph was probative to establish that the alleged conduct was not a one-time lapse in judgment on the part of Appellant. In this regard, the prosecutor argued that the photograph constituted a "trophy" of what Appellant had done with T.M.H. in the cemetery. While the photograph was graphic in nature and certainly prejudicial, it merely reflects what Appellant had done with respect to the child victim and is probative of the nature of their relationship. *See Sonnier v. State*, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995). Appellant's possession of the topless photograph of T.M.H. was relevant to his character at punishment. We cannot conclude that the trial court abused its discretion in determining that the photograph's probative value was not substantially outweighed by the danger of unfair prejudice by admitting the photograph into evidence during the punishment phase of trial. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY
JUSTICE

October 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

13