PD-1619-15

PD-1619-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/14/2015 9:45:38 AM
Accepted 12/15/2015 1:43:11 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

DUANE ERIC WEST,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00298-CR; TRIAL COURT NO. 6709)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

December 15, 2015

ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

DUANE ERIC WEST,
    APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-13-00298-
CR; TRIAL COURT NO. 6709)

STATE OF TEXAS,
    APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Shane Hadaway
39th District Court
Haskell County Courthouse
Haskell, Texas 79521

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, Texas 79604

Michael Fouts
District Attorney
Haskell County Courthouse
Haskell, Texas 79521

Earnest W. Scott
Appellant's Attorney/Trial
342 Chestnut
Abilene, Texas 79602

Duane Eric West#1885299
Hughes Unit
Rt. 2, Box 4400
Gatesville, TX. 76597

ii

# TABLE OF CONTENTS

**SUBJECT**                                         **PAGE**

IDENTITY OF JUDGE, PARTIES, AND COUNSEL..........................ii

STATEMENT REGARDING ORAL ARGUMENT................................vi

STATEMENT OF THE CASE................................................1

STATEMENT OF PROCEDURAL HISTORY.............................2

## QUESTION PRESENTED FOR REVIEW NO. ONE

1. Did the Court of Appeals err in determining there was not some evidence raising the possibility that if guilty, Appellant was guilty only of indecency with a child? (VR.R. at 44-45, 164-166)(R.R. Exhibit Volume at State's Exhibit Two).......................................................3

## QUESTION PRESENTED FOR REVIEW NO. TWO

2. Did the Court of Appeals err in determining the trial court did not abuse its discretion by allowing into evidence at the punishment phase a topless photograph of TMH electronically sent to Appellant by TMH, as any slight probative value plainly was outweighed by its prejudicial effect? (VI R.R. at 5-11, 40, 48, 106, 108).......................................................10

PRAYER FOR RELIEF..................................................14

CERTIFICATE OF SERVICE................................................14

CERTIFICATE OF COMPLIANCE..........................................15

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Bignall v. State*, 887 S.W.2d 21 (Tex. Crim. App. 1994)........................5

*Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979)......................8

*Esquivel v. State*, 180 S.W.3d 689 (Tex. App.-Eastland 2005, no pet.)......13

*Gamino v. State*, _____ S.W.3d _____, 2015 WL 7008466 (Tex. App.-Fort Worth November 12, 2015, no pet.)...............................7-8

*Goad v. State*, 354 S.W.3d 443 (Tex. Crim. App. 2011).......................7

*Jones v. State*, 984 S.W.2d 254 (Tex. Crim. App. 1998).......................6

*Old Chief v. United States*, 519 U.S. 172 (1997).......................10, 12-13

*Santellan v. State*, 939 S.W.2d 155 (Tex. Crim. App. 1997)..................13

*Sonnier v. State*, 913 S.W.2d 511 (Tex. Crim. App. 1995)................10, 11

*Sweed v. State*, 351 S.W.3d 63 (Tex. Crim. App. 2011).......................6-7

**STATUTORY PROVISIONS & RULES**                                              **PAGE**

TEX. PEN. CODE ANN §21.11...............................................3, 8

TEX. PEN. CODE ANN §22.021.............................................3, 8

TEX. R. EVID 403.............................................................11

Tex. R. App. P. 9.4...........................................................15

Tex. R. App. P. 66.3(c).....................................................5, 10

# STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTIONS PRESENTED; whether Appellant was entitled to his requested charge on the lesser offense of Indecency with a Child, and whether the topless photograph TMH sent him was more prejudicial than probative; are issues that merit further clarification for the Bench and Bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining the parameters of both raising a lesser offense, as well as deciding when prejudicial effect outweighs any probative value. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of those issues.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

DUANE ERIC WEST,
APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00298-CR; TRIAL COURT NO. 6709)

STATE OF TEXAS,
APPELLEE

*****************************************

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

*****************************************

## STATEMENT OF THE CASE

The indictment alleged on or about August 1, 2012, in Kent County, Texas, Appellant intentionally and knowingly caused his mouth to contact the female sexual organ of TMH, a child younger than fourteen years of age. (C.R. at 7). Following a change of venue to Haskell County (C.R. at 48), the jury trial began upon a plea of Not Guilty on September 24, 2013. (III R.R. at 4)(IV R.R. at 10). The jury returned a verdict of Guilty on September 25, 2013. (V R.R. at 176). On September 26, 2013, the jury assessed Appellant's punishment at 50 years TDCJ-ID, and the trial court sentenced him accordingly. (VI R.R. at 120)(C.R. at 89). Notice of Appeal was timely filed. (C.R. at 96). The Trial Court's Certification of Defendant's Right of Appeal was timely. (C.R. at 78). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

# STATEMENT OF PROCEDURAL HISTORY

Appellant presented three issues in his brief, and the Eastland Court of Appeals affirmed. *West v. State*, 2015 WL 6681316 (Tex. App.-Eastland October 30, 2015)(Unpublished Memorandum Opinion)(Appendix). Appellant filed a motion for rehearing November 16, 2015, which was denied without written opinion December 3, 2015. This petition is due to be filed by January 4, 2016; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW NO. ONE

1. Did the Court of Appeals err in determining there was not some evidence raising the possibility that if guilty, Appellant was guilty only of indecency with a child? (VR.R. at 44-45, 164-166)(R.R. Exhibit Volume at State's Exhibit Two).

## ARGUMENT

Our core argument is set out at pages seven and eight of Appellant's Brief: We respectfully suggest the following portion of Appellant's statement, State's Exhibit Two, does raise the lesser offense of Indecency With a Child:

> I kissed her all over her body. I started with her lip and kissed her on her neck, her breasts and her vagina. I used my hands and rubbed her breasts and vagina. I believe I digitally penetrated TMH's vagina and then I had oral sex with her. (R.R. Exhibit Volume at State's Exhibit Two).

Everything in that statement is completely consistent with TEX. PEN. CODE ANN §21.11 (a)(1) & (c)(1), Indecency With a Child, as well as TEX. PEN. CODE ANN §22.021(a)(B)(iii), Aggravated Sexual Assault. It cannot be determined with any degree of certainty whether the statement "I had oral sex with her" meant anything more than the statement "kissed her on her neck, her breasts and her vagina." That is particularly so considering the testimony of TMH that she understood what the term "oral sex" means, and when the State then asked her if Appellant did that, she responded, "No." (V R.R. at 44-45). If given the opportunity, the jury could have determined Appellant was guilty of Indecency with a Child by engaging "in sexual contact with the child."

3

At pages five through seven of the Slip Opinion, however, the court below analyzed the issue in question as follows:

> The indictment charged Appellant with the first-degree felony offense of aggravated sexual assault of a child. *See* PENAL § 22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West Supp. 2014). Specifically, the indictment alleged that Appellant intentionally and knowingly caused "contact of the female sexual organ of [T.M.H.], a child who was then and there younger than fourteen (14) years of age, by [Appellant's] mouth." Appellant requested the submission of a charge for the lesser included offense of indecency with a child, a second-degree felony, under Section 21.11(a)(1). Under this section of the Penal Code, a person commits an offense if he or she engages in sexual contact with a child younger than seventeen years of age. *Id.* § 21.11(a)(1). As applicable to the facts in this appeal, the statute defines sexual contact as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *See id.* § 21.11(c)(1).
>
> The factual element that distinguishes the charged offense of aggravated sexual assault from the lesser included offense of indecency with a child is the allegation that Appellant caused contact of T.M.H.'s sexual organ with his mouth. As reflected above in his written statement, Appellant stated that he kissed T.M.H. on her vagina. T.M.H. testified as follows about what occurred at the cemetery:
>
> > Q. Okay. Now, when you got to the cemetery, what happened?
> >
> > A. I got out of the truck and went and looked at the headstones of all the different people and we headed back to the truck. And I was on the passenger's side and he -- we started kissing and he -- he put his hands on me and stuff. And then we moved to the back of the -- on the tailgate and he kissed me some more. And at that time, my clothes had winded up coming off. And he kissed me down from my mouth, to my neck, to my breasts, and down to my vagina.
> >
> > Q. . . . You said he, ultimately, kissed you on your vagina?

4

A. Yes, sir.

Q. And I talked to you yesterday and we talked in a little more detail. And you understand what the term "oral sex" means, don't you?

A. Yes, sir.

Q. And I asked you if he did that. And what was your response—what would be your response to that?

A. No.

Thus, the accounts offered into evidence from both Appellant and T.M.H. indicated that Appellant contacted T.M.H.'s female sexual organ with his mouth. In this regard, the term "female sexual organ" includes the vagina. *Everage v. State*, 848 S.W.2d 357, 358 (Tex. App.—Austin 1993, no pet.). Appellant argues on appeal that T.M.H.'s response that Appellant did not engage in "oral sex" with her raised the possibility that Appellant was only guilty of indecency with a child by sexual contact. We disagree that this evidence would permit a rational jury to find that, if Appellant was guilty, he was guilty only of the lesser included offense of indecency with a child. *See Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536. The "no" response by T.M.H. to the prosecutor's question about "oral sex" immediately followed her testimony confirming that Appellant kissed her on her vagina. The prosecutor's reference to his prior conversation with T.M.H. about "oral sex" indicated that he was obviously referring to conduct beyond oral contact by Appellant's mouth with T.M.H.'s vagina when he asked the subsequent question. We overrule Appellant's first issue.

We respectfully suggest case law clearly mandates the foregoing to be an issue for the jury, and for that reason, the Court of Appeals decided an important question of state and federal law that conflicts with the applicable decisions of this Court. Tex. R. App. P. 66.3(c). *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994): "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge."

*Jones v. State,* 984 S.W.2d 254, 257 (Tex. Crim. App. 1998): "It does not matter whether the evidence was admitted by the State or the defense. It does not matter if the evidence was strong or weak, unimpeached or contradicted. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.1993); and *Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App.1985). The trier of fact is always free to *selectively believe* all or part of the testimony proffered and introduced by either side. *Bignall,* 887 S.W.2d at 24; and cases cited therein. So long as there is some evidence that is 'directly germane' to a lesser included offense for the factfinder to consider, then an instruction on the lesser included offense is warranted. *Bignall, id;*" (One citation omitted)(Emphasis supplied).

This Court has recently reaffirmed the foregoing line of reasoning. *Sweed v. State,* 351 S.W.3d 63, 68-69 (Tex. Crim. App. 2011) reminds us "The second step of the lesser-included offense analysis requires us to determine if there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense of theft...'*Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge.*'...Accordingly, we have stated that the standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense *or if the evidence presented is subject to different interpretations*...[A]s long as evidence from any source raises a defensive issue or raises an issue that a lesser included offense may have been committed, and a jury charge on the issue is properly requested,

6

the issue must be submitted to the jury...*It is the jury's role, not the court's, to determine whether there is sufficient evidence to support a lesser-included offense*...Here, a jury charge on theft was properly requested, and the evidence supported submitting that charge. A rational jury could conclude, based upon the evidence presented, that the assault was a separate event from the theft, meaning that Appellant could have been guilty only of the lesser offense of theft and not aggravated robbery. The court of appeals erred in holding that theft was not raised by the evidence." (Citations omitted)(Emphasis supplied).

*See also, Goad v. State*, 354 S.W.3d 443 (Tex. Crim. App. 2011) which affirmed the Court of Appeals' determination the trial court had erred in refusing to submit the appellant's requested charge on the lesser offense of criminal trespass in his burglary case:

> The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense. "[T]here must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." We consider all of the evidence admitted at trial, not just the evidence presented by the defendant. The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." However, we may not consider "[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted."" *Id.* at 446-447. (Footnotes omitted).[1]

---

[1] *Gamino v. State*, _____ S.W.3d _____, 2015 WL 7008466 (Tex. App.-Fort Worth November 12, 2015, no pet.) further illustrates the analysis applies equally to requests for defensive instructions and lesser included offenses: "Appellant was entitled to the instruction regardless of whether the evidence was feeble, contradicted, or not credible...We are required to view the evidence in the light most favorable to the defendant's requested submission...Whether a defendant's beliefs were reasonable under

7

TEX. PEN. CODE ANN §22.021(a)(B)(iii) speaks in terms of "causes the sexual organ of a child to contact or penetrate the mouth...of another person, including the actor." TEX. PEN. CODE ANN §21.11 (a)(1) & (c)(1), Indecency With a Child, plainly shows the "sexual contact" prohibited by that statute could certainly include what Appellant described in his statement, particularly in view of TMH's denial of engaging in oral sex. As the trier of fact is free to "selectively believe" some testimony as opposed to other testimony regarding the possibility of there being a lesser offense raised Indecency With a Child was, indeed, a lesser offense that was raised. There was evidence which, if believed by the jury, showed that if guilty, Appellant was only guilty of Indecency With a Child.[2]

---

the circumstances is a fact question for the jury to decide and not a preliminary question for the trial court to resolve when determining whether the defense was raised...When it comes to whether defensive theories are raised, the usual deference to the trial court's rulings does not apply; just the reverse, appellate courts view the evidence in the light most favorable to the defendant's requested submission...Viewing the evidence in the light most favorable to Appellant, Appellant reasonably believed his use of force was immediately necessary to protect himself against Khan's use or attempted use of unlawful force, and Appellant produced his gun for the limited purpose of creating an apprehension that he would use deadly force if necessary. We hold that under Appellant's version, his use of a deadly weapon did not constitute the use of deadly force and that Appellant was not disqualified from receiving a self-defense instruction notwithstanding the fact he was charged with aggravated assault with a deadly weapon..." *Id.* at Slip Op. 8. (Citations omitted).

[2] *See generally, Briceno v. State*, 580 S.W.2d 842 (Tex. Crim. App. 1979): "Article 37.09(1), V.A.C.C.P., provides that "An offense is a lesser included offense if: it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." Thus, the offense of indecent exposure under Sec. 21.08, supra, is a lesser included offense of indecency with a child, Sec. 21.11, supra. " *Id.* at 844.

## CONCLUSION

Review should be granted in order to clarify for the Bench and Bar that Indecency with a Child is, in fact, a lesser-included offense of Aggravated Sexual Assault that was, indeed, raised by the evidence. Appellant's status as a former law enforcement officer should not serve to deny him the same rights afforded any other appellant in this situation. Whether considered credible or not, the combination of TMH's denial of there being any "oral sex," coupled with Appellant's statement to law enforcement that is certainly subject to more than one interpretation, did raise the possibility Appellant was guilty only of Indecency with a Child.

## QUESTION PRESENTED FOR REVIEW NO. TWO

2. Did the Court of Appeals err in determining the trial court did not abuse its discretion by allowing into evidence at the punishment phase a topless photograph of TMH electronically sent to Appellant by TMH, as any slight probative value plainly was outweighed by its prejudicial effect? (VI R.R. at 5-11, 40, 48, 106, 108).

## ARGUMENT

Both *Old Chief v. United States*, 519 U.S. 172 (1997); and *Sonnier v. State*, 913 S.W.2d 511 (Tex. Crim. App. 1995); considered together, demand a finding the photograph in question was more prejudicial than probative in this case. Therefore, the court below decided an important question of state and federal law that conflicts with the foregoing applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

The testimony of Sheriff Billy Scogin clearly illustrates the fact of TMH sending a topless "selfie" to Appellant could have been made known to the jury without the unduly prejudicial photograph itself being introduced into evidence:

FURTHER DIRECT EXAMINATION
BY MR. FOUTS:

Q Sheriff, I want to show you what has been entered into evidence as State's Exhibit 17, and ask if you -- ultimately, you were able to view that item before it was entered into evidence?

A Yes.

Q And is that, in fact, a picture of (TMH), the victim in this case?

A Yes.
MR. FOUTS: I'll pass the witness.

10

THE COURT: Mr. Scott?

CROSS-EXAMINATION
BY MR. SCOTT:

Q Sheriff, with regards to that, as you -- as you have looked at that picture, is that what is colloquially known as a "selfie"?

A I believe so, yes.

Q Where that person that's in -- or depicted in that photograph has taken that photograph of herself; is that right?

A Yes.

Q Is that what it appears to be?

A Yes. (VI R.R. at 52-53)

At page thirteen of the Slip Opinion, the Court of Appeals concluded its analysis of our Rule 403 issue, as follows: "While the photograph was graphic in nature and certainly prejudicial, it merely reflects what Appellant had done with respect to the child victim and is probative of the nature of their relationship." And in support of that cites *Sonnier v. State, supra,* 913 S.W.2d 511, a capital murder case in which the jury assessed the death penalty, obviously finding future dangerousness. *Sonnier* states, in pertinent part: "The Texas Rules of Criminal Evidence, Rule 403 provides that although relevant, evidence may be excluded if its probative value is *substantially outweighed* by the danger of *unfair* prejudice, confusion of the issues, or misleading the jury. Several factors may be considered in determining whether the danger of unfair prejudice substantially outweighs the probative value of photographs including:

11

... the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed [, and] ... the availability of other means of proof and the circumstances unique to each individual case." *Id.* at 518.

The Sheriff's testimony was sufficiently clear to the jury that TMH sent Appellant a topless nude photograph of herself. Allowing the introduction of the picture itself was thus not necessary, and was indeed more prejudicial than probative under the circumstances.

*See generally, Old Chief v. United States, supra,* 519 U.S. at 184-185: *"The Notes to Rule 403 then take up the point by stating that when a court considers "whether to exclude on grounds of unfair prejudice," the "availability of other means of proof may ... be an appropriate factor."* ...The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision of this kind under 403...Thus the notes leave no question that when Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives. See 1 McCormick 782, and n. 41 *(suggesting that Rule 403' s 'probative value' signifies the 'marginal probative value' of the evidence relative to the other evidence in the case)*; 22 C. Wright & K. Graham, Federal Practice and Procedure § 5250, pp. 546–547 (1978) ('The probative worth of any

particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point')." (Emphasis supplied)(Some citations omitted).

The foregoing analysis by the Supreme Court, in view of Sheriff Scogin's testimony, eliminated the State's need for the extremely prejudicial photograph, which certainly could have contributed to the severity of the punishment assessed. *See, Santellan v. State*, 939 S.W.2d 155 (Tex. Crim. App. 1997);[3] *see also, Esquivel v. State*, 180 S.W.3d 689, 683 (Tex. App.-Eastland 2005, no pet.). For those reasons, review should be granted.

---

[3] "Factors which should go into the Rule 403 balancing test include:

(1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;[2]

(2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute." *Id*. at 169. (Citations omitted).

13

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing and remanding this conviction to the trial court for a new trial, or, alternatively, remand this cause to the trial court for a new sentencing hearing.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this _____14th_____ day of December, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Mr. Michael Fouts, 39th District Attorney, Haskell County Courthouse, Haskell, TX 79521 at da@co.haskell.tx.us; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

14

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is _____ 3072 _____ words; and further certify that the document is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown

STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

No. 11-13-00298-CR

**DUANE ERIC WEST, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6709**

## MEMORANDUM OPINION

Duane Eric West appeals his jury conviction for aggravated sexual assault of a child younger than fourteen years of age. The jury assessed his punishment at confinement for a term of fifty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction and sentence in three appellate issues. We affirm.

## Background Facts

Appellant was a deputy sheriff in Kent County. Texas Ranger Philip Vandygriff testified that he received a report from the mother of T.M.H., a thirteen-year-old girl, in December 2012 that Appellant had engaged in inappropriate conduct with T.M.H. in the summer of 2012 while T.M.H. lived in Kent County with her father. Appellant subsequently provided a written statement to Ranger Vandygriff wherein he admitted to having frequent social contact with T.M.H., including permitting her to ride with him in his patrol vehicle. Appellant's written statement detailed an incident occurring at the cemetery in Clairemont:

> We were sitting on the tailgate of the truck and [T.M.H.] began kissing on me. I started returning the gesture. [T.M.H.] began removing items of her clothing. I didn't put a stop to anything. I allowed [T.M.H.] to remove my belt. I continued to kiss her. I kissed her all over her body. I started with her lip[s] and kissed her on her neck, her breasts and her vagina. I used my hands and rubbed her breasts and vagina. I believe I digitally penetrated [T.M.H.'s] vagina and then I had oral sex with her.[1]

Appellant was indicted in Kent County for the aggravated sexual assault of T.M.H. He filed a motion to change venue based upon the allegation that he could not obtain a fair and impartial trial in Kent County. *See* TEX. CODE CRIM. PROC. ANN. art. 31.03 (West 2006). The State agreed to the requested change of venue, and the trial court granted the motion by changing venue to Haskell County. In this regard, the 39th Judicial District is composed of Haskell, Kent, Stonewall, and Throckmorton Counties. *See* TEX. GOV'T CODE ANN. § 24.141 (West 2004). Appellant was subsequently tried and convicted in Haskell County. Article 31.08 of the Texas Code of Criminal Procedure contains a provision whereby the trial court

---

[1]Appellant's written statement detailed additional sexual conduct that occurred that same night at the cemetery. We are not including these additional details because they are not relevant to our analysis.

2

*may* return the cause to the original county on the completion of a trial in which a change of venue has been ordered. *See* CRIM. PROC. art. 31.08, § 1(a) (West Supp. 2014). The trial court did not return the underlying proceedings to Kent County. Accordingly, the appeal was filed with this court. *See* GOV'T § 22.201(*1*) (West Supp. 2014).[2]

## *Analysis*

Appellant asserts in his first issue that the trial court erred in refusing to submit a charge on the lesser included offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1) (West 2011). We apply the *Aguilar/Rousseau*[3] test to determine whether an instruction on a lesser included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). This is a two-prong test. The first prong is to determine "if the proof necessary to establish [the elements of] the charged offense also includes the lesser offense." *Id.* If this threshold is met, the second prong has us decide whether there is some evidence "in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau*, 855 S.W.2d at 673. The purpose of the lesser included instruction is to avoid leaving jurors with two "equally distasteful" options: (1) acquit the defendant even though the jury believes he is guilty of the lesser included offense or (2) convict the defendant even though the jury does not believe he committed the charged offense. *Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1979). To avoid such a situation, lesser included instructions are liberally permitted. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

---

[2]An appeal from Kent County would be filed in the Amarillo Court of Appeals. *See* GOV'T § 22.201(h).

[3]*See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

3

The first step asks whether the lesser included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser included offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *see also* CRIM. PROC. art. 37.09 (West 2006). The first step is a question of law, and it does not depend on the evidence raised at trial. *Cavazos*, 382 S.W.3d at 382; *Hall*, 225 S.W.3d at 535. Article 37.09(1) of the Code of Criminal Procedure provides that an offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." CRIM. PROC. art. 37.09(1). The State acknowledges that indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans v. State*, 299 S.W.3d 138, 142–43 (Tex. Crim. App. 2009). Accordingly, we focus our attention on the second prong of the *Aguilar/Rousseau* test.

The second step requires us to determine whether there is some evidence that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536; *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). This second step is a question of fact and is based on the evidence presented at trial. *Cavazos*, 382 S.W.3d at 383. A defendant is entitled to an instruction on a lesser included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether the evidence is weak, impeached, or contradicted. *Id.* (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).

4

Prior to reviewing the evidence presented at trial under the second prong of the *Aguilar/Rousseau* test, we note Appellant's contention that the test should not be applied whenever a defendant requests a charge on a lesser included offense. The Texas Court of Criminal Appeals has held that the State is not bound by the second prong of the "*Royster–Rousseau*[4] test" when the State requests the submission of a lesser included offense. *Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009). Citing *Grey*, Appellant contends that his equal protection rights under the Fourteenth Amendment of the U.S. Constitution are violated if the State is relieved of the requirement to demonstrate compliance with the second prong of the *Aguilar/Rousseau* test whenever it requests the submission of a charge on a lesser included offense but a defendant is not relieved of the requirement. We disagree. As noted by the court in *Grey*, "[i]t is the State, not the defendant, that chooses what offense is to be charged." *Id.* at 650. Accordingly, there is no logical reason to impose the requirement of the second prong on the State's decision to seek the submission of a charge on a lesser included offense. *Id.* at 649–50. Therefore, there is a valid basis for imposing different requirements on the State and the criminal defendant. Furthermore, the Texas Court of Criminal Appeals has continued to require compliance with the second prong of the *Aguilar/Rousseau* test after *Grey* when defendants request the submission of a charge on a lesser included offense, as evidenced by its holding in *Cavazos*. *See Cavazos*, 382 S.W.3d at 385–86.

The indictment charged Appellant with the first-degree felony offense of aggravated sexual assault of a child. *See* PENAL § 22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West Supp. 2014). Specifically, the indictment alleged that Appellant intentionally and knowingly caused "contact of the female sexual organ of [T.M.H.], a child who

---

[4]The court in *Grey* referred to the test as the "*Royster–Rousseau* test." *See Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981) (en banc) (plurality opinion on reh'g). The court subsequently referred to the applicable test as the "*Aguilar/Rousseau* test" in *Cavazos*. *Cavazos*, 382 S.W.3d at 382.

was then and there younger than fourteen (14) years of age, by [Appellant's] mouth." Appellant requested the submission of a charge for the lesser included offense of indecency with a child, a second-degree felony, under Section 21.11(a)(1). Under this section of the Penal Code, a person commits an offense if he or she engages in sexual contact with a child younger than seventeen years of age. *Id*. § 21.11(a)(1). As applicable to the facts in this appeal, the statute defines sexual contact as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child, if committed with the intent to arouse or gratify the sexual desire of any person. *See id*. § 21.11(c)(1).

The factual element that distinguishes the charged offense of aggravated sexual assault from the lesser included offense of indecency with a child is the allegation that Appellant caused contact of T.M.H.'s sexual organ with his mouth. As reflected above in his written statement, Appellant stated that he kissed T.M.H. on her vagina. T.M.H. testified as follows about what occurred at the cemetery:

Q. Okay. Now, when you got to the cemetery, what happened?

A. I got out of the truck and went and looked at the headstones of all the different people and we headed back to the truck. And I was on the passenger's side and he -- we started kissing and he -- he put his hands on me and stuff. And then we moved to the back of the -- on the tailgate and he kissed me some more. And at that time, my clothes had winded up coming off. And he kissed me down from my mouth, to my neck, to my breasts, and down to my vagina.

. . . .

Q. . . . You said he, ultimately, kissed you on your vagina?

A. Yes, sir.

Q. And I talked to you yesterday and we talked in a little more detail. And you understand what the term "oral sex" means, don't you?

A. Yes, sir.

Q. And I asked you if he did that. And what was your response -- what would be your response to that?

A. No.

Thus, the accounts offered into evidence from both Appellant and T.M.H. indicated that Appellant contacted T.M.H.'s female sexual organ with his mouth. In this regard, the term "female sexual organ" includes the vagina. *Everage v. State*, 848 S.W.2d 357, 358 (Tex. App.—Austin 1993, no pet.). Appellant argues on appeal that T.M.H.'s response that Appellant did not engage in "oral sex" with her raised the possibility that Appellant was only guilty of indecency with a child by sexual contact. We disagree that this evidence would permit a rational jury to find that, if Appellant was guilty, he was guilty only of the lesser included offense of indecency with a child. *See Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536. The "no" response by T.M.H. to the prosecutor's question about "oral sex" immediately followed her testimony confirming that Appellant kissed her on her vagina. The prosecutor's reference to his prior conversation with T.M.H. about "oral sex" indicated that he was obviously referring to conduct beyond oral contact by Appellant's mouth with T.M.H.'s vagina when he asked the subsequent question. We overrule Appellant's first issue.

In his second issue, Appellant asserts that his trial counsel provided ineffective assistance of counsel. Specifically, he alleges that trial counsel failed to object to a reference by Ranger Vandygriff to a polygraph examination, that trial counsel failed to object to various instances of hearsay, and that trial counsel failed to adequately assert Appellant's right to the submission of a charge on the lesser included offense that we addressed in the previous issue.

7

To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result of the proceeding would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813–14. The Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). If trial counsel did not had an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We note at the outset of our analysis that Appellant did not file a motion for new trial. Accordingly, the appellate record does not contain an explanation from trial counsel concerning his actions.

Appellant initially asserts that trial counsel should have objected to Ranger Vandygriff's reference to a polygraph examination. When asked why his initial interview with Appellant terminated, Ranger Vandygriff stated, "I advised [Appellant] at the time that I didn't think he was giving us the complete truth and that at this point, I think it would be appropriate if we asked him for a polygraph interview, and he said he would give a polygraph interview." Ranger Vandygriff then explained that a polygraph examination of a law enforcement officer requires some additional steps that needed to be done and that, during the interim, Appellant decided to speak with an attorney. Appellant contends that he was harmed by this testimony because it constituted evidence that he refused to take a polygraph examination.

To show ineffective assistance of counsel for the failure to object during trial, Appellant must show that the trial judge would have committed error in overruling the objection. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *see Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012) ("The failure to object to . . . admissible testimony . . . is not ineffective assistance."). "Numerous cases have held that where a witness gives a nonresponsive answer that mentions a polygraph test was offered or taken, but does not mention the results of such a test, there is no error in failing to grant a mistrial." *Martines v. State*, 371 S.W.3d 232, 251 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Kugler v. State*, 902 S.W.2d 594, 595 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). No evidence was offered of the results of any polygraph examination. Furthermore, there is no evidence that Appellant refused to take a polygraph examination. To the contrary, Ranger Vandygriff indicated that Appellant was initially willing to take a polygraph examination. *See Garcia v. State*, 907 S.W.2d 635, 639 (Tex. App.—Corpus Christi 1995), *aff'd*, 981 S.W.2d 683 (Tex. Crim. App. 1998). However, the polygraph examination was ultimately not performed because Appellant confessed to the crime

9

within a few hours in his subsequent interview with Ranger Vandygriff. Accordingly, trial counsel was not ineffective for failing to object to the nonresponsive mention of a polygraph examination.

The instances of hearsay that Appellant cites involve testimony by Ranger Vandygriff pertaining to the alleged offense that T.M.H.'s mother reported to him, testimony by Ranger Vandygriff that Kent County Sheriff William Scogin had reported that an allegation had been made against Appellant, and testimony by Ranger Vandygriff pertaining to reports made to him by T.M.H.'s stepmother and Appellant's wife. Appellant also contends that trial counsel should have objected to the admission of search warrant affidavits on hearsay and Confrontation Clause grounds. *See* U.S. CONST. amend VI.

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). The State may offer out-of-court statements into evidence without violating the hearsay rule to explain why the defendant became the subject of the investigation by law enforcement officials. *Id.* Extrajudicial statements of this type are not inadmissible hearsay because they are not admitted to prove the truth of the matter asserted. *Id.* We conclude that the trial court would not have erred in overruling hearsay objections to these matters cited by Appellant because they addressed the manner by which Appellant became a suspect.

Moreover, even if the trial court had erred in overruling Appellant's Confrontation Clause and hearsay objections, such errors would be subject to a harm analysis. *See* TEX. R. APP. P. 44.2; *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007) ("[A]ny Confrontation Clause violation, once proven, is subject to harmless error analysis."); *Clay v. State*, 240 S.W.3d 895, 905–06 (Tex. Crim. App. 2007)

10

(conducting harmless error analysis on hearsay). When a trial court erroneously admits hearsay, but the matter asserted by the out-of-court statement is otherwise established through other admitted evidence, no harm is done to the party challenging the hearsay. *See Clay*, 240 S.W.3d at 905–06 (holding that erroneously admitted hearsay "established little, if anything, negative about appellant that was not also well established by the properly admitted evidence" and was therefore harmless). The same rule applies with respect to evidence elicited in violation of the Confrontation Clause. *See Davis v. State*, 203 S.W.3d 845, 853–56 (Tex. Crim. App. 2006) (observing that testimony admitted in violation of the Confrontation Clause was cumulative of other admitted evidence and that any error was harmless beyond a reasonable doubt). The matters cited by Appellant were cumulative of the facts set out in Appellant's written statement and the live testimony offered at trial. Accordingly, the alleged deficiencies cited by Appellant do not satisfy the second prong of *Strickland* because they do not demonstrate a reasonable probability that the outcome of the case would have been different. *Strickland*, 466 U.S. at 694.

Finally, Appellant contends that trial counsel failed to present the correct argument in seeking the submission of a charge on the lesser included offense of indecency with a child that we addressed in the first issue. He contends that counsel should have cited the holding in *Evans* that indecency with a child is a lesser included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *See Evans*, 299 S.W.3d at 142–43. We disagree. We have determined that Appellant was not entitled to the requested charge because the evidence did not raise the possibility that he was only guilty of the lesser included offense. Accordingly, the trial court's ruling was supported by the record irrespective of the argument made by trial counsel. We overrule Appellant's second issue.

In his third issue, Appellant asserts that the trial court erred in admitting a topless photograph of T.M.H. into evidence during the punishment phase of trial.

11

T.M.H. took the photograph of herself in a mirror with her cell phone. She sent the photograph to Appellant electronically. Taylor County Deputy Sheriff Craig Griffis, an expert in computer and cell phone forensics, recovered the photograph from Appellant's computer. Deputy Griffis testified that he found three copies of the photograph in a folder on Appellant's computer. Appellant objected on multiple grounds to the admission of the photograph into evidence during the punishment phase. On appeal, he argues that the trial court erred in admitting the photograph under Texas Rule of Evidence 403 because its probative value was outweighed by its prejudicial effect. We disagree.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *See Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). At the punishment phase, the State may introduce evidence of any matter the court deems relevant to sentencing, including any extraneous bad acts. CRIM. PROC. art. 37.07, § 3(a)(1).

> What is "relevant" to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case."

*Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) (footnote omitted) (quoting *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006)).

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. The State

contends that the photograph was probative to establish that the alleged conduct was not a one-time lapse in judgment on the part of Appellant. In this regard, the prosecutor argued that the photograph constituted a "trophy" of what Appellant had done with T.M.H. in the cemetery. While the photograph was graphic in nature and certainly prejudicial, it merely reflects what Appellant had done with respect to the child victim and is probative of the nature of their relationship. *See Sonnier v. State*, 913 S.W.2d 511, 519 (Tex. Crim. App. 1995). Appellant's possession of the topless photograph of T.M.H. was relevant to his character at punishment. We cannot conclude that the trial court abused its discretion in determining that the photograph's probative value was not substantially outweighed by the danger of unfair prejudice by admitting the photograph into evidence during the punishment phase of trial. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


October 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

13



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Duane Eric West,

Vs. No. 11-13-00298-CR

The State of Texas,

* From the 39th District Court
of Haskell County,
Trial Court No. 6709.

* October 30, 2015

* Memorandum Opinion by Bailey, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.